**Joseph Santora, Esq. (JS2200)**
LUTFY & SANTORA
1405 Clove Road
Staten Island, New York 10301
Tel.: (718) 442-2272
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————x

SADE SINCLAIR,                                          **COMPLAINT**
                          Plaintiff,
                                                        Case No.:
v.

UNITED STATES OF AMERICA,

                          Defendant.
—————————————————————x

     SADE SINCLAIR, by and through her attorneys, LUTFY & SANTORA, respectfully

allege on information and belief and at all times relevant hereto, the following:

## INTRODUCTION

1. SADE SINCLAIR ("Plaintiff") brings this action under the Federal Tort Claims Act

   ("FTCA") 28 U.S.C. §§ 1346(b), 2671–2680, against the UNITED STATES OF

   AMERICA ("Defendant") for committing dental and medical malpractice and failing to

   obtain an informed consent from the Plaintiff. Among other things, Defendant and its

   doctors, dentists, medical providers, employees, and other staff failed to investigate,

   diagnose and treat Plaintiff's oral cavity and mouth and medical conditions. As a result,

   Plaintiff has undergone numerous surgeries, procedures and treatments to address her

   injury.

## JURISDICTION AND VENUE

2. The Court maintains subject matter jurisdiction over the above-captioned action as provided by the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 1367(a).

3. The Court is the proper venue for the above-captioned action under 28 U.S.C. § 1391(e)(1)–(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On or about August 26, 2019, Plaintiff timely filed an administrative claim with Defendants (claim no. 2019-0688) (the "Claim").

5. On August 3, 2020, the Defendant through the "Office of the General Counsel - General Law Division Claims Office - Department of Health and Human Services" denied the Administrative Tort Claim of the Plaintiff.

6. Plaintiff has complied with all jurisdictional provisions of the Federal Tort Claims Act, which require that she exhaust her administrative remedies.

## PARTIES

7. Plaintiff, SADE SINCLAIR, is an adult over the age of eighteen and resides at 1004 East 172nd Street, Bronx, New York 10460.

8. Defendant, UNITED STATES OF AMERICA, through its United States Department of Health and Human Services, employed all doctors, dentists, medical providers, employees, and other staff involved in the care and treatment of Plaintiff during the relevant times, including, but not limited to, September 1, 2017 and December 31, 2017.

9. Montefiore Centennial Dental Clinic, (hereinafter referred to herein as "Dental Clinic") located at 3332 Rochambeau Avenue, Bronx, New York 10467, is part of the Bronx Community Health Network, Inc., and is a Community Health Center program grantee under 42 U.S.C. § 254(b).

10. Montefiore Blondell Dental Clinic, (hereinafter referred to herein as "Blondell") located at 1575 Blondell Avenue, Bronx, New York 10461, is part of the Bronx Community Health Network, Inc., and is a Community Health Center program grantee under 42 U.S.C. § 254(b).

11. Montefiore Medical Center - Einstein Campus, Weiler 10 North, 1825 Eastchester Road, Bronx, New York 10461 (hereinafter referred to as "MMC"), is part of the Bronx Community Health Network, Inc., and is a Community Health Center program grantee under 42 U.S.C. § 254(b).

12. Bronx Community Health Network, Inc., which has a corporate headquarters located at 1 Fordham Plaza, Suite 1108, Bronx, New York 10458, is a Community Health Center program grantee under 42 U.S.C. § 254(b).

13. MMC is a Community Health Center program grantee under 42 U.S.C. § 254(b).

14. Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "USA"), was the owner and operator of a Community Health Center known as Montefiore Centennial Dental Clinic, located at 3332 Rochambeau Avenue, Bronx, New York 10467.

15. Defendant, USA, was the owner and operator of a Community Health Center known as Montefiore Blondell Dental Clinic, located at 1575 Blondell Avenue, Bronx, New York 10461.

16. Defendant, USA, was the owner and operator of a Community Health Center known as Montefiore Medical Center - Einstein Campus, Weiler 10 North, 1825 Eastchester Road, Bronx, New York 10461.

17. Defendant, USA, and its doctors, dentists, medical providers, employees, and other staff held themselves out to the public as health care providers, qualified and capable of rendering dental and medical services with the skill and knowledge possessed by and required of physicians and dentists in the community.

18. STEFAN SCHNEIDER, D.D.S. was an "employee" of Defendant, USA, as defined by 28 U.S.C. § 2671 and is licensed to practice dentistry in the State of New York.

19. STEFAN SCHNEIDER, D.D.S. held himself out as a dentist qualified and able in the practice of dentistry.

20. PATRICK NOLAN, D.D.S. was an "employee" of Defendant, USA, as defined by 28 U.S.C. § 2671 and is licensed to practice dentistry in the State of New York.

21. PATRICK NOLAN, D.D.S. held himself out as a dentist qualified and able in the practice of dentistry.

22. Along with other personnel employed by and servants of Defendant, USA, Dr. Stefan Schneider and Dr. Patrick Nolan were responsible for the examination, treatment, and care of Plaintiff.

4

23. Under 28 U.S.C. § 2679(d), USA, as defendant, is liable for any and all of the Plaintiff's claims and damages relating to the dental and medical malpractice and failure to obtain an informed consent against Dental Clinic located at 3332 Rochambeau Avenue, Bronx, New York 10467, Blondell located at 1575 Blondell Avenue, Bronx, New York 10461, and MMC located at Weiler 10 North, 1825 Eastchester Road, Bronx, New York 10461, Dr. Stefan Schneider, and Dr. Patrick Nolan, as well as other employees of Defendant, USA, who rendered health services to Plaintiff.

## FACTUAL ALLEGATIONS

24. On September 1, 2017, Plaintiff sought and received dental and medical care at Dental Clinic by Dr. Patrick Nolan and Dr. Stefan Schneider.

25. On September 6, 2017, Plaintiff sought and received dental and medical care at Dental Clinic by Dr. Patrick Nolan and Dr. Stefan Schneider.

26. On September 6, 2017, Plaintiff sought and received dental and medical care at Blondell by Dr. Patrick Nolan and Dr. Stefan Schneider.

27. On September 6, 2017, plaintiff was transferred from Dental Clinic's location at 3332 Rochambeau Avenue, Bronx, New York 10467 to MMC at Weiler 10 North, 1825 Eastchester Road, Bronx, New York 10461.

28. On September 6, 2017, plaintiff was transferred from Blondell's location at 1575 Blondell Avenue, Bronx, New York 10461 to MMC at Weiler 10 North, 1825 Eastchester Road, Bronx, New York 10461.

29. On September 6, 2017 and September 10, 2017, surgical procedures were performed upon plaintiff by defendant, USA, its agents, servants and/or employees, including Dr. Patrick Nolan and Dr. Stefan Schneider and others, during her admission to MMC.

30. Plaintiff was not discharged from her admission to MMC until September 20, 2017.

31. After her discharge, plaintiff continued her care with MMC on an out-patient basis until approximately December, 2017.

32. On September 1, 2017, plaintiff presented to Dental Clinic with pain in tooth #18.

33. On September 1, 2017, Dr. Stefan Schneider and Dr. Patrick Nolan improperly and negligently evaluated plaintiff's condition, improperly and negligently performed an extraction of tooth #18 causing, among other things, multiple compartmental neck abscesses and Ludwig's angina.

34. On September 6, 2017, plaintiff presented to Dental Clinic with increasing signs and symptoms of airway compromise, swelling, infection, and pain.

35. On September 6, 2017, plaintiff presented to Blondell with increasing signs and symptoms of airway compromise, swelling, infection, and plan.

36. As a result of said negligence, plaintiff was admitted to MMC, and Dr. Patrick J. Nolan on September 6, 2017 improperly and negligently evaluated and performed emergent I&D surgery regarding the subject abscesses and improperly extracted teeth #1, 2, 4, 15, 16, 17, and 31 causing a continued and burgeoning infection as well as injury to the right lingual nerve and chorda tympani and right chin, pain, numbness and loss of taste as well as left sided nerve injury.

6

37.  Dr. Nolan and others on September 10, 2017 improperly and negligently performed an additional corrective surgery (I&D) leading to continued infection, respiratory distress, pain, and suffering.

38.  In addition to improper negligent surgeries, said doctors as agents of defendant, USA, and MMC improperly administered antibiotic therapy; failed to properly evaluate and diagnose patient's presenting and continued symptoms; failed to properly manage Plaintiff's condition;  failed to obtain an informed consent for the initial and subsequent treatment including the surgeries of September 6, 2017 and September 10, 2017.

39.  Plaintiff had no significant past medical history before her extraction of tooth #18 on September 1, 2017.

40.  On September 6, 2017, plaintiff presented with progressively worsening infection of multiple neck spaces resulting in rapid decompensation and airway compromise necessitating emergent I&D of submental, buccal/lingual submandibular, buccal/lingual, sublingual, buccal/lingual pterygomandibular, and right lateral pharyngeal spaces w/extraction of teeth 1, 2, 4, 15, 16, 17, 31 in the OR, s/p re-exploration and I&D including submandibular, lateral pharyngeal and anterior/medial SCM on September 10, 2017, with placement of 4x penrose drains and 1x JP drain. Initial culture growing Prevotella and Micromonas micros (peptostreptococcus), on Unsayn/Vanc and Flagyl.

41.  While under treatment at Dental Clinic, the Plaintiff primarily received her dental and medical care from Dr. Stefan Schneider and Dr. Patrick  Nolan.

42.  While under treatment at Blondell, the Plaintiff primarily received her dental and medical care from Dr. Stefan Schneider and Dr. Patrick Nolan.

43.  While under treatment at MMC, the Plaintiff primarily received her dental and medical care from Dr. Stefan Schneider and Dr. Patrick Nolan.

44.  Dr. Stefan Schneider treated the Plaintiff in the course of his employment with Defendant, USA, Dental Clinic, Blondell,  and MMC.

45.  Dr. Patrick Nolan treated the Plaintiff in the course of his employment with Defendant, USA, Dental Clinic, Blondell, and MMC.

46. Defendant, USA, through its agents and employees provided general dental and medical care to the Plaintiff.

47. Throughout Plaintiff's course of treatment, Defendant, USA, and its doctors, dentists, medical providers, employees, and other staff failed to investigate, diagnose and treat the Plaintiff's condition, and provided insufficient and substandard dental and medical care, which ultimately led to the Plaintiff's permanent injuries.

48. On September 1, 2017, Plaintiff was caused to suffer an improper extracted tooth #18, which in turn caused multiple compartmental neck abscesses and Ludwig's angina.

49. Said improper and negligent treatment caused injuries that led to improper corrective surgeries on September 6, 2017 and September 10, 2017, which caused and/or contributing to Ludwig's angina, respiratory distress, loss of teeth-Nos. 1, 2, 4, 15, 16, 17 and 31; tracheotomy, injuries to the right chorda tympani, right lingual nerve, and right chin causing numbness, pain and loss of taste as well as left side nerve injury.

50. The negligence of the Defendants and its agents caused the placement of four penrose drains and one JP drain.

51. As a result of the negligence of said doctors and Defendant's personnel, plaintiff suffered a "left pleural effusion" and lung damage and continues to suffer from said condition and continues to suffer from pain and numbness and injuries to the right lingual nerve and chorda tympani and right chin as well as left side nerve.

52. As a result of the foregoing, plaintiff was unconscious for a number of days, hospitalized until September 20, 2017, and suffered and had to undergo antibiotic therapy on an out-patient basis through approximately December 2017, and suffered difficulty breathing and opening her mouth.

53. As a result of the foregoing, plaintiff continues to suffer problems in eating, chewing and taste, and needs corrective dental treatment regarding her missing teeth and nerve injuries.

54. Plaintiff's permanent injuries were proximately caused by (1) the negligence of the Defendant, United States of America, and its doctors, dentists, medical providers, employees, and other staff, and (2) the failure to obtain an informed consent by the Defendant, United States of America, and its doctors, dentists, medical providers, and employees.

## FIRST CAUSE OF ACTION

### (Dental/Medical Malpractice)

55. Plaintiff hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth in detail herein.

56. Throughout Plaintiff's course of treatment at Dental Clinic, Blondell, and MMC, the Defendant and its doctors, dentists, medical providers, servants, employees, and other

staff were negligent, careless and reckless, and committed dental and medical malpractice in that they failed to render to the Plaintiff, SADE SINCLAIR, proper dental care; in failing to render to the Plaintiff, SADE SINCLAIR, proper medical care; in failing to recognize Plaintiff's dental, oral and medical condition; in failing to take sufficient x-rays; in failing to properly read and interpret the Plaintiff's x-rays; by failing to inform the Plaintiff that they were unable to treat her; by failing to inform the Plaintiff that they lacked the skill to treat her dental and medical condition; in failing to render proper and adequate dental and medical care fo the Plaintiff, SADE SINCLAR; in failing to render a proper and adequate diagnosis of Plaintiff's dental and medical condition; in causing, suffering and permitting improper and inadequate dental and medical care to be rendered to the Plaintiff, SADE SINCLAIR; in failing to refer Plaintiff, SADE SINCLAIR, to another dentist, a physician, oral surgeon or otolaryngologist (ENT); in negligently and carelessly failing to timely and properly diagnose and treat her condition; in failing to investigate Plaintiff's clinical examination findings and radiographic findings; in failing to conduct required and appropriate radiographic examinations; in failing to order and take timely and proper diagnostic tests/studies; in failing to properly supervise and monitor her condition; in failing to conduct a proper and timely her clinical examination; in failing to make timely and proper consultation(s) with appropriate specialists or refer Plaintiff to appropriate specialists in a timely fashion; in failing to obtain an informed consent from the Plaintiff; in failing to give prompt and appropriate medications; in ignoring or failing to

10

heed the signs and symptoms presented; in departing from accepted practice in the service rendered for and on behalf of Plaintiff; in failing to perform properly the indicated procedures; in failing to obtain and take a proper history; in failing to make and keep good and proper records; in failing to give adequate and proper instructions; in failing to follow good dental and medical practices and procedures; by rendering care contrary to the accepted standards of dental care existing in the community and elsewhere; and Defendants were also guilty of malpractice in other respects.

57. As a result of the negligence and carelessness and dental malpractice as aforesaid, committed by Defendant and its doctors, dentists, medical providers, employees, and other staff, Plaintiff suffered conscious pain and suffering, loss of enjoyment of life, sustained serious and personal injuries that resulted in multiple surgeries, hospitalizations, and incurred costs, medical and related expenses and special damages.

58. The foregoing negligence on the part of Defendant and its agents was a substantial factor in causing the injuries to Plaintiff, SADE SINCLAIR.

59. Defendant, USA, is vicariously liable for the reckless and negligent acts and omissions of Drs. Stefan Schneider and Patrick Nolan, and other servants, agents and employees who treated Plaintiff at Dental Clinic, Blondell, and MMC, and for Drs. Schneider's and Nolan's and other servants, agents and employees' failure to obtain a proper informed consent from Plaintiff, SADE SINCLAIR.

60. As a result of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION ($1,000,000) DOLLARS

## SECOND CAUSE OF ACTION

### (Lack of Informed Consent)

61. Plaintiff hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth in detail herein.

62. Defendant, USA, and its servants, agents and or employees, including, but not limited to, Dr. Stefan Schneider and Dr. Patrick Nolan, failed to inform  Plaintiff of the reasonable risks, complications, consequences, and danger of the care, treatment and procedures that Defendant undertook to perform, and failed to inform Plaintiff of the reasonable risks and alternatives of treatment applicable to Plaintiff's condition.

63.  Had Plaintiff known of the nature and extent of the conditions and reasonable risks, and had Plaintiff known of the reasonable alternatives, methods of treatment, Plaintiff would have chosen another method of treatment, treatment by an oral surgeon, otolaryngologist (ENT) or a dentist with significant experience in oral pathology, or no treatment, to avoid the worsening and deterioration of her condition and the risks inherent in the procedures performed by Defendants.

64. A reasonably prudent person in Plaintiff's position would not have undergone the treatment if she had been fully informed by Defendant, USA, and its agents of the risks and alternatives of the treatment.

65. The lack of informed consent was a proximate cause of the injury or condition for which recovery is sought.

66.  Defendant, USA, is vicariously liable for the reckless and negligent acts and omissions of Drs. Stefan Schneider and Patrick Nolan, and other servants, agents and employees

who treated Plaintiff at Dental Clinic, Blondell, and MMC, and for Drs. Schneider's and Nolan's and other servants, agents and employees' failure to obtain a proper informed consent from Plaintiff, SADE SINCLAIR.

67. As a result of the negligence and carelessness and dental and medical malpractice as aforesaid, committed by Defendant and its doctors, dentists, medical providers, employees, and other staff, Plaintiff suffered conscious pain and suffering, loss of enjoyment of life, sustained serious and personal injuries that resulted in multiple surgeries, hospitalizations, and incurred costs, medical and related expenses and special damages.

68. The foregoing negligence on the part of Defendant, USA, and its agents was a substantial factor in causing the injuries to Plaintiff, SADE SINCLAIR.

69. As a result of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION ($1,000,000) DOLLARS.

## THIRD CAUSE OF ACTION

### (Ordinary Negligence)

70. Plaintiff hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth in detail herein.

71. Defendant, USA, and its agents failed to communicate significant findings to the plaintiff, SADE SINCLAIR.

72. Defendant, USA's and its agents' failure to communicate significant findings to the plaintiff, SADE SINCLAIR was ordinary negligence, and was a substantial factor in causing injuries to the plaintiff, SADE SINCLAIR.

13

73. Defendant, USA, is vicariously liable for the reckless and negligent acts and omissions of its agents, Dr. Stefan Schneider and Dr. Patrick Nolan and others; and for Drs. Schneider's and Nolan's and others' failure to obtain a proper informed consent from the plaintiff, SADE SINCLAIR.

74. The foregoing negligence on the part of Defendant, USA, and its agents was a substantial factor in causing the injuries to Plaintiff, SADE SINCLAIR.

75. By reason of the foregoing, plaintiff, SADE SINCLAIR, has sustained permanent injuries, pain, suffering, and special damages.

76. As a result of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION ($1,000,000) DOLLARS.

### STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602

77. One or more of the exceptions in CPLR §1602, including, but not limited to Subsection 2(iv) and 7 are applicable to all causes of action and Defendant is jointly and severally liable with all other tortfeasors whether parties to this action or not.

### RELIEF

78. **WHEREFORE**, Plaintiff demands judgment against Defendant on all causes of action for:

(a) Damages in the amount of $1,000,000;

(b) Interest, Costs, Disbursements and attorneys fees; and

(c) For such other and further relief that the Court deems just, proper, and equitable.

Dated: January 28, 2021
       Staten Island, New York

LUTFY & SANTORA
Attorney for Plaintiff

By: _____
Joseph Santora, Esq. (JS2200)
1405 Clove Road
Staten Island, NY 10301
(718) 442-2272
ls@landslaw.net

15

**<u>VERIFICATION</u>**

STATE OF NEW YORK )

COUNTY OF RICHMOND ) s.s.:

   JOSEPH SANTORA,  an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following under the penalty of perjury:

   I am a partner in the law firm of LUTFY & SANTORA, attorneys for the plaintiff in the within action; that I have read the foregoing C O M P L A I N T and know the contents thereof; that the same is true to my own knowledge, except matters alleged upon information and belief, and that as to those matters I believe them to be true.

   AFFIRMANT further says that the reason this verification is made by your affirmant and not by the plaintiff is that the said plaintiff is not in the County of Richmond where your affirmant has his office. The source of your affirmant's information and belief is in the investigation of the case, reports and information in the file.

Affirmed the 28nd day of January, 2021.   JOSEPH SANTORA (JS2200)

16

**Joseph Santora, Esq. (JS2200)**
LUTFY & SANTORA
1405 Clove Road
Staten Island, New York 10301
Tel.: (718) 442-2272
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————x

SADE SINCLAIR,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

————————————————————————————x

**CERTIFICATE OF
   MERIT**

Case No.:

     JOSEPH SANTORA, an attorney duly admitted to practice law in the Courts of the State of New York, and a member of LUTFY & SANTORA, attorneys for plaintiff herein, affirms the following statement to be true under the penalty of perjury:

     I certify under CPLR 3012-a that I have reviewed the facts of the above action and consulted with a dentist licensed to practice dentistry, whom your affirmant reasonably believes is knowledgeable in the relevant issues involved in the within action. Based on said review and consultation, your affirmant has concluded that there is a reasonable basis for the commencement of the within action.

                                        _____
                                           JOSEPH SANTORA

Dated: Staten Island, New York
      January 28, 2021

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| 1-United States Department Health & Human Services c/o Office of General Counsel, 200 Independence Avenue, S.W. Washington, D.C. 20201 2- Montefiore Medical Center, 111 E. 210th St Bronx, NY 10467 | Sade Sinclair, 2441 Adam Clayton Powell Boulevard, Apt. 2J, New York, NY 10030 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | | Single | 09/01/2017   thru 11/2017 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Sade Sinclair presented at the Montefiore Dental Clinic with pain in tooth #18.  Dr. Stefan Schneider on 9/1/17 improperly and negligently evaluated Ms. Sinclair's condition, improperly and negligently performed an extraction of tooth #18 causing, among other things, multiple compartmental neck abscesses and Ludwig's angina. As a result of said negligence, Sade Sinclair was admitted to Montefiore Hospital and Dr. Patrick J. Nolan on 9/6/17 improperly and negligently performed emergent I&D surgery -Continued -SEE SUPPLEMENTAL STATEMENT ANNEXED

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None- not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None - not applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Sade Sinclair was caused to suffer an improper extracted tooth #18 which in turn caused a fracture of her left jaw causing multiple compartmental neck abscesses, and Ludwig's angina. Said improper and negligent surgery caused injuries which led to improper corrective surgeries on September 6, 2017 and September 10, 2017 --Continued -SEE SUPPLEMENTAL STATEMENT ANNEXED

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Stefan Schneider, D.D.S. Patrick J. Nolan DDS Michael Z. Lerner, M.D. | c/o Montefiore Medical Center 111 East 210th Street, Bronx, NY 10467 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). | |
| 0.00 | $1,000,000.00 | 0.00 | $1,000,000.00 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Sade Sinclair* | 317-695-3799 | 08/23/2019 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

None/not applicable

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | 17. If deductible, state amount.

None/not applicable | 0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
None/not applicable

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No
None/not applicable

---

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

---

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

---

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

<u>**Supplement/Additional Statement to Claim for Damage, Injury or Death**</u>

**In the Matter of:**

    **Sade Sinclair, Claimant**

        **-against-**

    **United States of America,**
    **U.S. Dept. of Health & Human Services, United States Health**
    **Resources and Services Administration (HRSA) and Montefiore**
    **Medical Center, Respondents.**

------------------------------------------------------------------------------------------

**1) Submit to Appropriate Federal Agency:**

    **1)**     **United States Department of Health and Human Services**
            **200 Independence Avenue, S.W.**
            **Washington, D.C. 20201**

    **2)**     **U.S. Department of Health & Human Services**
            **330 C. St., S.W.**
            **Switzer Building - Suite 2600**
            **Washington, D.C. 20201**

    **3)**     **United States Health Resources and Services Administration (HRSA)**
            **5600 Fishers Lane**
            **Rockville, MD. 20857**
                 [Current Acting Administrator, Thomas J. Engels]

    **4)**     **United States Department of Health & Human Services**
            **c/o Office of General Counsel**
            **330 Independence Avenue, S.W.**
            **Room 4760**
            **Washington, D.C. 20201**

**8)**     <u>**Basis of Claim**</u>

Sade Sinclair presented at the Montefiore Dental Clinic with pain in tooth #18.

Dr. Stefan Schneider on 9/1/17 improperly and negligently evaluated Ms. Sinclair's condition, improperly and negligently performed an extraction of tooth #18 causing, among other things, multiple compartmental neck abscesses and Ludwig's angina. As a result of said negligence, Sade Sinclair was admitted to Montefiore Hospital and Dr. Patrick J. Nolan on 9/6/17 improperly and negligently performed emergent I&D surgery regarding the subject abscesses and improperly extracted teeth #1, 2, 4, 15, 16, 17, and 31 causing continued and burgeoning infection as well as injury to the right lingual nerve and chorda tympani and right chin, causing pain, numbness and loss of taste.  Dr. Nolan and Dr. Michael Lerner on 9/10/17 improperly and negligently performed an additional corrective surgery (I&D) leading to continued infection, respiratory distress, pain and suffering.  In addition to improper negligent surgeries, said doctors as agents of Montefiore improperly administered antibiotic therapy; failed to properly evaluate and diagnose patient's presenting and continued symptoms; failed to properly manage Ms. inclair's condition, and failed to provide an informed consent for each of the surgeries.

Ms. Sinclair had no significant PMH before her extraction of tooth #18 (9/1/17).  On 9/6/17, she presnted with progressively worsening infection of multiple neck spaces resulting in rapid decompensation and airway compromise necessitating emergent I&D of submental, b/l submandibular, b/l sublingual, b/l pterygomandibular, and right lateral pharyngeal spaces w/extraction of teeth 1, 2, 4, 15, 16, 17, 31 in the OR, s/p re-exploration and I&D including submandibular, lateral pharyngeal and anterior/medial SCM on 9/10/17, with placement of 4x penrose drains and 1x JP drain. Initial culture growing Prevotella and Micromonas micros (peptostreptococcus), on Unsayn/Vanc and Flagyl.

The attached Montefiore records are incorporated herein by reference.

**10)**   **Nature and Extent of Each Injury or Cause of Death, Which Forms The Basis of the Claim**

Sade Sinclair was caused to suffer an improper extracted tooth #18 which in turn caused a fracture of her left jaw causing multiple compartmental neck abscesses and Ludwig's angina.  Said improper and negligent surgery caused injuries which led to improper corrective surgeries on September 6, 2017 and September 10, 2017 which caused and/or contributing to Ludwig's angina, respiratory distress, loss of teeth Nos. 1, 2, 4, 15, 16, 17 and 31; injury to the right chorda tympani, right lingual nerve, and right chin causing numbness, pain and loss of taste.  The negligence of Montefiore and its agents caused the placement of four penrose drains and one JP drain. As a result of the negligence of said doctors and Montefiore personnel, Ms Sinclair suffered a "left pleural effusion" and lung damage and continues to suffer from said condition and continues to suffer from pain and numbness of the right lingual nerve injury and chorda tympani and right chin.  As a result of Montefiore's doctors and agents, Ms. Sinclair was unconscious for a number of days, hospitalized until September 20, 2017 and suffered and had to undergo antibiotic therapy through

November 2017and suffered difficulty breathing and opening her mouth.  As a result of said negligence, Ms. Sinclair continues to suffer problems in eating, chewing and taste and needs corrective dental treatment regarding her missing teeth and nerve injuries.

Ms. Sinclair had no significant PMH before her extraction of tooth #18 (9/1/17).  On 9/6/17, she presnted with progressively worsening infection of multiple neck spaces resulting in rapid decompensation and airway compromise necessitating emergent I&D of submental, b/l submandibular, b/l sublingual, b/l pterygomandibular, and right lateral pharyngeal spaces w/extraction of teeth 1, 2, 4, 15, 16, 17, 31 in the OR, s/p re-exploration and I&D including submandibular, lateral pharyngeal and anterior/medial SCM on 9/10/17, with placement of 4x penrose drains and 1x JP drain. Initial culture growing Prevotella and Micromonas micros (peptostreptococcus), on Unsayn/Vanc and Flagyl.

The attached Montefiore records are incorporated herein by reference.

12      **Amount of Claim**

**12a-Property Damage: 0.00**
**12b - Personal Injury: $1,000,00 (1 million dollars)**
**12c - Wrongful death: 0.00**
**12d - Total: $1,000,00 (1 million dollars)**

My attorney, Joseph Santora, Esq. of Lutfy and Santora, represents me in this matter, and is authorized  to file the attached Notice of Claim and Supplemental/Additional Statement.

*Sade Sinclair*

SADE SINCLAIR

Dated: August 23, 2019

-----------------------------------------------------------------x

In the Matter of:

SADE SINCLAIR,                                    **CERTIFICATE OF MERIT**

Claimant,

- against-                                        Claim No:

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, UNITED STATES
HEALTH RESOURCES AND SERVICES
ADMINISTRATION (HRSA), UNITED
STATES OF AMERICA and MONTEFIORE
MEDICAL CENTER,

Respondents.

----------------------------------------------------------------x

JOSEPH SANTORA, ESQ. an attorney duly admitted to practice law in the Courts of the

State of New York, and the Federal Courts of the State of New York, associated with the law

firm of LUTFY & SANTORA, attorneys for plaintiff herein, affirms the following statement to

be true under the penalty of perjury:

Your affirmant has reviewed the facts of the above claim and consulted with a dentist and

physician whom your affirmant reasonably believes are knowledgeable in the relevant issues

involved in the within claim. The assertion of this claim is based on the said expert consultations

and your affirmant has concluded that there is a reasonable basis for the commencement of the

within claim.

_____
JOSEPH SANTORA, ESQ.
Lutfy & Santora
Office & P.O. Address
1405 Clove Road
Staten Island, New York 10301
(718) 442-227

Affirmed the 23nd day of August 2019